The opinion of the court was delivered by
Hobnbeoweb, C. J.
This case comes before the court, upon a demurrer to the declaration. The principal question is, whether under our statute, an action of trover for a bond and mortgage, will lie against executors, on a conversion by their testator. That such an action would not lie at the common law, has always, I believe, been conceded, since the case of Hambly and al. v. Trott, Administrator, &c. Cowp. R. 372; but if bonds and mortgages are “ goods or chattels,” then I do not see how we can get over the plain words of our statute, even if we were inclined to do so. Its language is as follows: “That where any testator or intestate, shall in his or her life-time, have taken or carried away, or converted to his or her use, the goods or chattels, of any person or persons; such person or persons, his or her Executors, or administrators, shall have and maintain the same action against the executors or administrators of such testator or intestate, as he, she or they might have had or maintained against such testator or intestate, and shall have the like remedy and process, &c.” ,
It is true, as insisted by the defendants’ counsel, that the attachment act and letters of administration, seem to distinguish between rights and credits, and goods and chattels; and that an execution against the latter, will not reach bonds, notes, and other securities. In those eases, and for many other purposes, it is a just and necessary distinction; but there is nevertheless, a sense, in which upon sound legal principles, such securities are goods and chattels: — they are bona notabilia, and therefore property. Now it will not be denied, that trover will lie for a bond or note, or other written security for money; (Besherer v. Swisber, Penn. R. 748. Todd v. Crookshank, 3 Johns. R. 432, Wilson v. Chambers, Cro. Car. 262. Murray v. Burling, 10 Johns. R. *55 172. Amer. Com. Law, 8th vol. 210.) But it lies- only for personal property (Colegrave v. Santos, 2 Barn. and Cress. 76) and for such personal property as may be the subject matter of a possession, (Gordon v. Harper, 7 T. R. 9.) Bonds and other documentary securities, must therefore, in the law, be considered goods and chattels ; and if goods and chattels, then by force of our statute, this action will lie. If this then, were the only objection, judgment would be given for the plaintiff; but there is a mis-joinder of counts. The plaintiff has declared in one count, on a conversion by the testator; and in the other, on a conversion by the executors. This cannot be done; because the judgment on one count, would 'be de bonis testatoris, and on the other de bonis propriis, (1 Chitt. pl. 205. 2 Saund. 117 d. in note.) Judgment must therefore be given for the defendants.
Fobd and Ryebson, Justices, concurred.

Judgment for the defendants.